### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**UNIVERSITY MALL, LLC**                                                      **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 2:24-cv-89-TBM-RPM**

**IKECHUKWU HYGINIUS OKORIE,** *et al.*                              **DEFENDANTS**

### <u>MEMORANDUM OPINION AND ORDER</u>

University Mall, LLC ("University Mall") filed an action to quiet title to property located at 3700 Hardy Street, in Hattiesburg, Mississippi, on June 5, 2024, against Defendants Dr. Okorie, Royal Oaks Rental Properties, LLC, and Inland Family Practice, LLC in the Chancery Court of Forrest County, Mississippi. Dr. Okorie then removed the case to this Court based on diversity and federal question jurisdiction. Dr. Okorie has since filed a Motion to Dismiss [5] University Mall's claim under Rule 12(b)(6) for failure to state a claim, a Motion to Disqualify [16] Attorney Joseph R. Tullos based on a conflict in interest, a Motion for Judicial Notice [25], and a second Motion for Judicial Notice [26].

For the reasons fully discussed below, Dr. Okorie's Motion to Dismiss [5], Motion to Disqualify [16], Motion for Judicial Notice [25], and second Motion for Judicial Notice [26] are denied.[1]

---

[1] This continues a pattern of Dr. Okorie filing baseless motions. *See, e.g., Okorie v. Citizens Bank*, No. 2:24-cv-35-TBM-RPM, 2024 WL 1493804, at * 1 n.1 (S.D. Miss. Apr. 5, 2024), *appeal dismissed sub nom. Okorie v. Smallwood*, No. 24-60166, 2024 WL 4512076 (5th Cir. July 31, 2024) ("He has brought claims in state court and federal court, and pursued appeals to the Mississippi Supreme Court, the United States District Court, the Fifth Circuit, and the United States Supreme Court. In the Bankruptcy Court alone Dr. Okorie has filed three bankruptcy cases, six adversary proceedings, fifteen objections to claims, and countless motions for sanctions and stay violations—many of which were found to be frivolous.").

## I. BACKGROUND AND PROCEDURAL HISTORY

The Property located at 3700 Hardy Street, in Hattiesburg, Mississippi has been subject to multiple transactions and legal challenges, including foreclosure proceedings.[2] [1], p. 2; [5], p. 1. Defendant Royal Oaks—formed by Dr. Okorie and his wife to own and manage various real properties they bought—acquired the Property "[s]everal years prior to the foreclosure, in December 2011." *University Mall, LLC v. Okorie*, No. 2:24-cv-91-KS, 2024 WL 4862986, at *9 (S.D. Miss. Nov. 21, 2024); *see also In re Okorie*, No. 19-50379-KMS, 2023 WL 7311173, at *3 (Bankr. S.D. Miss. Nov. 6, 2023) (setting forth detailed facts and history of the case), *aff'd*, No. 24-60255, 2024 WL 4471734 (5th Cir. Oct. 11, 2024); *see also MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985) ("A court may take judicial notice of related proceedings and records in cases before the same court."). Located at the Property was Defendant Inland Family Practice, a medical clinic owned and operated by Dr. Okorie, which does business as St. Michael's Urgent Care of Hattiesburg. *Id.* at *5.

In January 2019, Defendant Royal Oaks granted a warranty deed to Dr. Okorie for the Property. [5], p. 2. Through the January 2019 warranty deed, and another quitclaim deed that allegedly was issued by Royal Oaks to Dr. Okorie in December 2023, Dr. Okorie claims that he owns the Property. *Id.* at 2. According to University Mall, however, it acquired the Property via a substituted trustee's deed dated March 28, 2024, which was recorded on April 4, 2024. [1-2], p.

---

[2] In fact, on November 21, 2024, Judge Starrett granted University Mall a "judgment for possession of 3700 Hardy Street, with costs, and with back rent as described supra, as well as a writ of habere facias possessionem." *University Mall, LLC v. Okorie*, No. 2:24-cv-91-KS, 2024 WL 4862986, at *9 (S.D. Miss. Nov. 21, 2024). Judge Starrett did not however, adjudicate title—which is an issue before this Court. *Id.* ("Although the Court has relied on title deeds and other evidence to reach this decision, the Court stresses that it has not adjudicated title.").

1; [5], pps. 1-2. As a result, University Mall disputes Dr. Okorie's ownership and now seeks to quiet title to the Property. [5], p. 1.

## II. DISCUSSION

Dr. Okorie moves this Court to dismiss University Mall's claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that University Mall has not established proper title to the Property. [5], pps. 1-2. University Mall argues for denial of Dr. Okorie's Motion because the Motion does not address whether University Mall sufficiently pled the elements of a quiet title action. [6], p. 1. In turn, Dr. Okorie filed a Motion to Disqualify [16], a Motion for Judicial Notice [25], and a second Motion for Judicial Notice [26]. The Court begin its analysis by addressing Dr. Okorie's Motion to Dismiss.

### A. Motion to Dismiss under Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 304–305 (5th Cir. 2021). In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hester*, 11 F.4th at 305 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged. The factual allegations must be 'enough to raise a right to relief above the speculative level.'

*Oceanic Expl. Co. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Bell Atl. Corp.*, 550 U.S. at 570). The Court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citation omitted). "The issue is not whether the plaintiff[] will ultimately prevail, but whether [he is] entitled to offer evidence to support [his] claim[s]." *Cook v. City of Dallas*, 683 F. App'x 315, 318 (5th Cir. 2017) (citation omitted). Accordingly, the Court must determine whether University Mall has sufficiently alleged the elements of an action to quiet title. *See Thompson v. Greyhound Lines, Inc.*, No. 3:12-cv-851-WHB, 2013 WL 12090328, at *3 (S.D. Miss. Jun. 12, 2013) ("arguments that attack the merits of a plaintiff's claims, rather than their sufficiency, are not relevant to the failure to state a claim analysis. The pertinent question for the Rule 12(b)(6) inquiry is whether Plaintiff has alleged the elements of the claims asserted.") (internal citations and quotations omitted).

A quiet title action is a suit "in which a plaintiff not only challenges someone else's claim, but also asserts his own right to disputed property." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 217 (2012). A suit to quiet title is an action to remove a cloud from a title. *Turner v. AmericaHomeKey Inc.*, 514 F. App'x 513, 516 (5th Cir. 2013). Under Mississippi law, a party seeking to remove a cloud from title must "set forth in plain and concise language the deraignment of his title." MISS. CODE ANN. § 11-17-35. "A mere statement . . . that complainant is the real owner of the land shall be insufficient, unless good and valid reason be given why he does not deraign his title." *Id*. A plaintiff's deraignment of title "must show title in himself from the government down, or . . . must show title by adverse possession . . . or he must show title from the defendant, or that both derive their claim from a common source, and that his is the better

4

title from that source." *Barham v. Miss. Power Co.*, 266 So. 3d 994, 995 n.1 (Miss. 2019) (internal quotation marks omitted). When a complaint contains just a mere statement of ownership, dismissal of a quiet title claim is appropriate. *See Greene v. Indymac Bank, FSB,* No. 3:12-cv-347, 2012 WL 5414097, at \*5 (S.D. Miss. Nov. 6, 2012).

Here, University Mall "claims absolute fee simple title to said property against all other claiming thereto, including Defendants Ikechukwu Okorie, Royal Oaks Rental Properties, LLC, and Inland Family Practice, LLC." [1-2], p. 4. In support, University Mall alleges that the Property was subject to foreclosure and that University Mall was the purchaser. As a result, University Mall asserts that the Property was conveyed to University Mall via a substituted trustee's deed dated March 28, 2024, and recorded on April 4, 2024. [5], pps. 1-2.

In his Motion, Dr. Okorie argues that University Mall has not established proper title to the Property. [5], p. 5. According to Dr. Okorie, "the property was subjected to wrongfully foreclosure," and "the illegal foreclosure is subject to actions and/or challenge in both state and federal courts." [5], p. 5. He also asserts that he is not bound by the debt under the deeds of trust because he entered into a reaffiliation agreement involuntarily. [5], pps. 3-5. In fact, Dr. Okorie submits that "mere participation in the foreclosure sale does not mean that one obtained clean title." [13], p. 2.

Without more, however, Dr. Okorie's arguments and assertions, even if true, do not merit dismissal under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. Dr. Okorie's arguments mostly pertain to the merits of University Mall's claim, but "[a]t [the 12(b)(6) motion to dismiss stage], the court is charged with the task of evaluating the sufficiency of the complaint, not with deciding the merits." *United States v. Real Prop. known as 615 Elmhurst, Sugar Land, Texas 77479*, No. 2:18-cv-

5, 2018 WL 3655081, at *3 (S.D. Tex. Aug. 1, 2018) (emphasis added). And based on his arguments, Dr. Okorie does not demonstrate how University Mall's factual allegations in its Complaint fail to state a plausible claim for a quiet title action. The Court therefore finds that Dr. Okorie's Motion to Dismiss must be denied.

### B.  Motion to Disqualify [16]

Dr. Okorie moves to disqualify University Mall's attorney, Joseph R. Tullos. But, Dr. Okorie does not allege that attorney Joseph R. Tullos has ever represented him. Instead, Dr. Okorie argues that because Tullos was named as a co-defendant in one of Dr. Okorie's other cases, Tullos's representation of University Mall in this action presents a conflict of interest under Rules 1.7 and 3.7 of the Mississippi rules of Professional Conduct. For the reasons discussed below, Dr. Okorie's Motion is without merit.

"As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 88 (5th Cir. 1976); *see also FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995) (A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing). This is because "[a] litigant should not be permitted to utilize a disqualification issue as part of his trial strategy." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1115 (5th Cir. 1980). As a result, the party moving for disqualification has the burden of proof. *See generally Occu-Health, Inc. v. Mississippi Space Servs.*, No. 1:06-cv-159-LG-RHW, 2006 WL 2290472, at *2 (S.D. Miss. Aug. 9, 2006).

"Motions to disqualify are governed by two sources of authority." *United States v. Bernegger*, No. 1:07-cr-176-MPM, 2015 WL 6394797, at *4 (N.D. Miss. Oct. 22, 2015).

> First, attorneys are bound by the local rules of the court in which they appear. Federal district courts usually adopt the Rules of Professional Conduct of the states where they are situated. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law.

*Cole v. Ruidoso Mun. Sch.,* 43 F.3d 1373, 1383 (10th Cir. 1994) (citing *In re Am. Airlines, Inc.*, 972 F.2d 605 (5th Cir. 1992)). Courts should "consider the motion governed by the ethical rules announced by the national profession in the light of the public interest and the litigant's rights." *In re Dresser Indus., Inc.,* 972 F.2d 540, 543 (5th Cir. 1992). A court may also consider "(1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case." *Id.* at 544.

Rule 1.7 of the Mississippi Rules of Professional Conduct provides that "[a] lawyer shall not represent a client if the representation of that client will be directly adverse to another client." MISS. R. PROF. CONDUCT 1.7(a). Because Dr. Okorie does not allege that Tullos has ever represented him, however, Rule 1.7(a) is inapplicable. Similarly, Rule 1.7(b) provides that:

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless the lawyer reasonably believes:
>     (1) the representation will not be adversely affected; and
>     (2) the client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the representation and the advantages and risks involved.

MISS. R. PROF. CONDUCT 1.7(b). Because Tullos asserts that he "does not believe any adverse consequences would redound to University Mall . . . by his continued representation" and because University Mall has "given their informed consent for the representation to continue," Dr. Okorie's argument also fails under Rule 1.7(b)(2). [18], pps. 5-6.

Dr. Okorie's argument further fails under Rule 3.7, which provides that "a lawyer shall not act as advocate at a trial" where the lawyer is likely to be a necessary witness. MISS. R. PROF. CONDUCT 3.7. Dr. Okorie states that Tullos' personal involvement as a defendant in the related litigation creates a significant risk that his representation of University Mall will be compromised. [16], p. 3. Specifically, Dr. Okorie asserts that given the overlap of issues between this case and the related litigation, that Tullos is likely to be called as a witness. [16], p. 3. But Dr. Okorie does not identify how Tullos is likely to be a witness here. Without more, Dr. Okorie has not demonstrated Rule 3.7 would be implicated by Tullos' continued representation of University Mall.

Finally, the standards developed under federal law weigh against granting Dr. Okorie's Motion to Disqualify since he presents a palpable risk of unfairly denying University Mall of the counsel of its choosing. And "[l]itigants do have a right to be represented by counsel and this ordinarily implies a right to lawyers of their choice." *McCuin v. Texas Power & Light Co.,* 714 F.2d 1255, 1262 (5th Cir. 1983); *FDIC,* 50 F.3d at 1316. Moreover, as the movant, Dr. Okorie faces an uphill battle because courts often do not disqualify attorneys on the grounds of conflict of interest "unless the former client moves for disqualification," which has not happened here. *In re Yarn Processing Patent Validity Litigation*, 530 F.2d at 88; *see also Diagnostic Affiliates of Ne. Hou, LLC v. United Health Grp., Inc.*, No. 2:21-cv-00131, 2022 WL 20717538, at *3 (S.D. Tex. Jan. 18, 2022) (presumptions that might work for a client complaining of his own lawyer do not belong in the hands of an opponent).

In sum, Dr. Okorie does not show how Tullos' representation will exhibit "(1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which

will be served by the lawyer's continued participation in the case." *See Dresser*, 972 F.2d at 544. Dr. Okorie does not adequately demonstrate how Tullos might have violated the standards developed under federal law, so that his disqualification from proceedings might be necessary. Instead, he really only presents conclusory allegations. This Court finds that disqualification is unwarranted under both Mississippi Rules of Professional Conduct and the standards developed under federal law. For these reasons, the Court denies Dr. Okorie's Motion to Disqualify [16].

## C. Motions to Take Judicial Notice

Dr. Okorie has requested that this Court take judicial notice of two "Title Opinions" that were prepared in 2023 and 2024. *See* [25]; [26]. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing FED. R. EVID. 201(b)). Courts may take judicial notice of matters of public record, including pleadings in prior cases, when resolving a Rule 12(b)(6) motion to dismiss without converting it to a motion for summary judgment. *Cimel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1984); *see also Funk*, 631 F.3d at 783 (finding it appropriate for the district court considering a Rule 12(b)(6) motion to dismiss to review publicly-available documents and transcripts, which were matters of public record directly relevant to the issue at hand). The Court must take judicial notice of facts "if a party requests it and the court is supplied with the necessary information." *Espinoza v. Chavarria*, No. EP-19-cv-00365-DCG, 2022 WL 1521960, at *1 (W.D. Tex. Feb. 8, 2022).

Because the two Title Opinions put forward opinions about who has title, such facts go to the merits of University Mall's cause of action. And as a result, they fall beyond the scope of what

this Court can take judicial notice of because title is currently subject to reasonable dispute until this case has been resolved. *See Passa v. City of Columbus*, 123 F. App'x 694, 695 (6th Cir. 2005) ("A court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned."); *see, e.g.*, *Yamada v. Nobel Biocare Holding AG*, No. 210-cv-04849-JHN-PLAX, 2011 WL 13128155, at *1 n.1 (C.D. Cal. Jan. 20, 2011) (denying the plaintiff's request to take judicial notice of a search result for a study in the defendant's database which showed that dental implant had a 10% failure rate within the first year after implantation since search was not a public record). Dr. Okorie's Motions for Judicial Notice [25], [26] are denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Dr. Okorie's Motion to Dismiss [5] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Okorie's Motion to Disqualify [16] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Okorie's Motion for Judicial Notice [25] is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Dr. Okorie's Motion for Judicial Notice [26] is DENIED.

This, the 26th day of February, 2025.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE